

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**LAWRENCE S. HAN**
PARTNER
(516) 357-3148
lawrence.han@rivkin.com

September 27, 2024

**VIA ECF**

Honorable Judge Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Colak v. New Hyde Park Florist, Inc.*
           Civil Action No. 2:24-cv-03893 (ARR)(ARL)
           RR File No.:  014808-00001

Dear Honorable Allyne Ross:

    This office represents Defendant New Hyde Park Florist, Inc. ("Defendant") in the above-mentioned lawsuit.  We write to present the parties' joint request for judicial approval of the Consent Decree enclosed herewith.

    The putative class action complaint filed by Plaintiff Ali Colak ("Plaintiff") alleges that Defendant's website is a place of public accommodation which is not accessible to visually disabled persons in violation of the Americans with Disabilities Act and the New York State Human Rights Law.  While Defendant does not admit liability, we have reached an early settlement with Plaintiff, individually, in order to avoid the cost and inconvenience of litigation and to address the issues raised by this action in a mutually acceptable fashion.

    The Consent Decree, which has been fashioned as a reasonable solution of Plaintiff's claims, "(1) springs from and serves to resolve a dispute within the court's subject-matter jurisdiction; (2) comes within the general scope of the case made by the pleadings, and (3) furthers the objectives of the law upon which the complaint was based." *Kozlowski v. Coughlin*, 871 F.2d 241, 244 (2d Cir. 1989) (internal bracketing omitted) (*citing Local Number 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986); *Crosson v. Popsockets LLC*, No. 19-cv-200 (CBA)(LB), 2019 WL 6134416, at *2 (E.D.N.Y. Oct. 8, 2019), adopted by 2019 WL 6134153 (Nov. 19, 2019); *Riverkeeper, Inc. v. MLV Concrete Inc.*, No. 14-cv-3762 (LDH)(PK),

| 66 South Pearl Street, 11th Floor<br>Albany, NY 12207-1533<br>T 518.462.3000 F 518.462.4199 | 25 Main Street<br>Court Plaza North, Suite 501<br>Hackensack, NJ 07601-7082<br>T 201.287.2460 F 201.489.0495 | 1301 Riverplace Boulevard<br>Jacksonville, FL 32207-9047<br>T 904.792.8925 F 904.467.3461 | 477 Madison Avenue<br>New York, NY 10022-5843<br>T 212.455.9555 F 212.687.9044 | 2649 South Road<br>Poughkeepsie, NY 12601-6843<br>T 845.473.8100 F 845.473.8777 |

RIVKIN RADLER LLP

Hon. Allyne R. Ross
September 27, 2024
Page 2

2017 WL 3172897, at *2 (E.D.N.Y. June 26, 2017), adopted by 2017 WL 3172859 (July 25, 2017); *see also*, *Figueroa v. Arhaus, LLC*, No. 18 Civ. 10491 (GWG) (S.D.N.Y. Feb. 20, 2019) (DE 16) (applying the above standard in a similar Americans with Disabilities Act claim to approve a consent decree in an action between private parties). Additionally, the Consent Decree is designed to serve as a shield for Defendant against claims by other potential plaintiffs who may come forward to assert similar claims based on the putative access violations that are being presently addressed and resolved pursuant to this settlement. Duplicative suits have been a recurring problem in similar matters handled by my firm and other attorneys defending these matters across the country.

We respectfully request that Your Honor approve the enclosed Consent Decree for all of the reasons identified above. Please let us know if there is anything more that the Court requires concerning the parties' request for judicial approval of the proposed Consent Decree.

We thank you for your attention to this matter.

Respectfully submitted,

RIVKIN RADLER LLP

Lawrence S. Han

LSH
Enc.

4871-2409-1611, v. 1