UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALI COLAK, on behalf of himself and all others similarly situated,

              *Plaintiff*

  -against-

NEW HYDE PARK FLORIST, INC.

              *Defendant*

24-CV-3893 (ARR) (ARL)

NOT FOR PUBLICATION

**ORDER APPROVING CONSENT DECREE**

ROSS, United States District Judge:

      Plaintiff Ali Colak brings this action, individually and as the representative of a class of similarly situated persons, against New Hyde Park Florist ("defendant"), alleging that defendant's website is not accessible to those who are visually impaired, Compl. ¶ 6, ECF No. 1, in violation of the Americans with Disabilities Act ("ADA"), *id*. ¶¶ 66–73 and the New York State Human Rights Law, *id*. ¶¶ 74–84. On August 14, 2024 the parties filed a notice that they had reached a settlement and would move to dismiss the case, contingent upon the execution of a written settlement agreement. ECF No. 9. Before me is parties' request for judicial approval of their proposed consent decree. ECF No. 10. For the reasons set forth below, I approve the consent decree with one modification.

      Before approving a consent decree in a case brought by a private party, I must ensure that it meets three following criteria. First, the consent decree must "spring from and serve to resolve a dispute within the court's subject matter jurisdiction." *Kozlowski v. Coughlin*, 871 F.2d 241, 244 (2d Cir. 1989) (citing *Local Number 93, Int'l Ass'n Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986)). Second, the consent decree must "come within the general scope of the case

made by the pleadings." *Id*. Third, the consent decree must "further the objectives of the law upon which the complaint was based." *Id*.

Having reviewed the proposed consent decree, I find that it meets these criteria. This Court has jurisdiction over the dispute because it arises under the ADA. 28 U.S.C. § 1331. The consent decree also comes "within the scope of . . . the pleadings," *Kozlowski*, 871 F.2d at 244, which allege that plaintiff was unable to purchase flowers from defendant's website because it was incompatible with his screen access program. Compl. ¶¶ 20–25. In the proposed consent decree, defendant agrees to use reasonable efforts to address this alleged injury by ensuring that visually impaired persons have an equal opportunity to access defendant's products and use defendant's website . Consent Decree pp. 4–7, ¶ 16–17, ECF 10-1. Finally, the proposed consent decree "further[s" the objectives" of the ADA, which provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation[.]'" *Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 387 (E.D.N.Y. 2017) (citing 42 U.S.C. § 12182(a).

Having satisfied all three criteria, it is not necessary for me to assess whether the proposed consent decree is "in the public interest." Consent Decree p. 11, ¶ 5; *see Figueroa v. Arhaus, LLC*, 18-CV-10491 (GWG) (S.D.N.Y. Feb. 20, 2019). ECF. Nos. 16 at 2 (striking similar language); *Crosson v. PopSockets LLC*, No. 19 CV 200 (CBA)(LB), 2019 WL 6134416 (E.D.N.Y. Oct. 8, 2019), R&R adopted, 2019 WL 6134153 (same). Accordingly, the proposed finding regarding the "public interest" is stricken.

The proposed consent decree is approved as modified.

SO ORDERED.

s/s *Allyne R. Ross*  
Allyne R. Ross  
United States District Judge

Dated:      October 4, 2024  
            Brooklyn, New York